UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Edward E. Urbanek, | Case No. 23-cv-0657 (ECT/DJF) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| Jodi Harpstead and Nancy Johnston, | |
| Respondents. | |

This matter is before the Court on Petitioner Edward E. Urbanek's Petition for a Writ of Habeas Corpus ("Petition") (ECF No. 1).[1] Mr. Urbanek is detained at the Minnesota Sex Offender Program Moose Lake Facility ("MSOP"). *See In re Civil Commitment of Urbanek*, No. A05-1633, 2006 WL 44358 (Minn. Ct. App. Jan. 10, 2006). He raises three grounds for relief in his Petition ("Grounds One, Two and Three"), alleging: (1) that his civil commitment violates the Double Jeopardy and Ex Post Facto Clauses of the United States Constitution; (2) that Respondents have denied him access to the courts; and (3) that "Respondents are in violation of the Stigma-Plus component of the Fourteenth Amendment." (ECF No. 1 at 5-8.) Mr. Urbanek also filed a Motion for Appointment of Counsel ("Motion to Appoint") (ECF No. 5). For the reasons given below, the Court recommends dismissing Mr. Urbanek's Petition without prejudice and denying his Motion to Appoint as moot.

---

[1] Mr. Urbanek's Petition is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Although he challenges the duration of his confinement under 28 U.S.C. § 2241 (*see* ECF No. 1), and not under section 2254, the Rules Governing Section 2254 cases nevertheless apply to his Petition. *See* Rule 1(b).

1

The Court recommends dismissing Ground One of Mr. Urbanek's Petition as second or successive pursuant to 28 U.S.C. § 2244(b)(3). Under section 2244(b)(3), petitioners detained pursuant to state-court judgments face restrictions on their ability to file "second or successive" habeas corpus petitions as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

*Id.*

Although "[s]econd or successive" within the meaning of § 2244(b)(3) is a "term of art" and "does not encompass all applications filed second or successively in time[,]" *Crawford v. Minnesota*, 698 F.3d 1086, 1089 (8th Cir. 2012), "dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of [§ 2244(b)]." *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009); *Bateman v. Mesmer*, No. 2:20-CV-0027-CDP, 2020 WL 8768071, at *2 (E.D. Mo. Aug. 6, 2020) (collecting cases). The second or successive bar does not apply to a subsequent habeas petition filed: (1) in

2

light of a new rule of constitutional law or rule of constitutional law made newly retroactive to cases on collateral review; or (2) raising claims whose underlying factual predicates could not have been discovered previously through the exercise of due diligence. *See* 28 U.S.C. § 2244(b)(2).

Mr. Urbanek challenged the legality of the same state court judgment underlying his civil commitment in a previous petition for a writ of habeas corpus filed in this District. The court denied the earlier habeas petition as barred by the statute of limitations. *See Urbanek v. Harpstead*, No. 21-CV-2352 (KMM/HB), 2022 WL 828164, at *1-2 (D. Minn. Feb. 3, 2022), *Report and Recommendation adopted by* 2022 WL 827234 (D. Minn. Mar. 18, 2022). As the facts underpinning Mr. Urbanek's Double Jeopardy and Ex Post Facto Clause allegations in Ground One of his Petition either were known or should have been known to Mr. Urbanek well before he filed his first petition for a writ of habeas corpus, he is subject to the section 2244(b)(3) second or successive bar and must procure authorization from the United States Court of Appeals for the Eighth Circuit before pursuing these claims in a federal habeas petition. Because Mr. Urbanek has not received the necessary authorization from the Eighth Circuit, the Court recommends dismissing Ground One of his Petition without prejudice for lack of jurisdiction. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007).

Mr. Urbanek's access-to-the-courts claim in Ground Two of his Petition is less straightforward, but fails for several reasons. First, to the extent that Mr. Urbanek is raising a typical access-to-the-courts claim, it is not cognizable in habeas corpus. Habeas corpus is reserved for attacks on the legality of confinement itself. But attacks on the legality of the *conditions* of confinement must be brought through an alternative procedural mechanism, such as a civil action raising claims under 42 U.S.C. § 1983. *See Spencer v. Haynes*, 774 F.3d 469-71 (8th Cir. 2014). Because detainees have a constitutional right of access to the courts during their detention,

regardless of the legality of their detention, access-to-the-courts claims are generally attacks on the conditions of confinement and not on the confinement itself. *See, e.g.*, *Chambers v. Cassady*, 639 Fed. App'x 400 (8th Cir. 2016) (per curiam) (noting that 42 U.S.C. § 1983 "is available to a prisoner who claims that prison policies on legal assistance and supplies have resulted in a denial of access to the courts and have caused an actual injury to the prisoner"). Accordingly, insofar as Mr. Urbanek is *not* attacking the legality of his detention, he must raise this claim in a separate, non-habeas proceeding. *Id*.

But Ground Two appears to be an atypical access-to-the-courts claim. Mr. Urbanek does not allege, for example, that MSOP officials are preventing him from filing documents in state or federal court, or that they have retaliated against him for having brought litigation in the past. Instead, Mr. Urbanek alleges he has been denied access to the courts because the state judicial process through which he might establish that he is no longer a danger to others (and therefore should no longer be civilly detained) is too slow. (*See* ECF No. 1 at 7.) Put another way, Ground Two concerns the *adequacy* of the state courts, rather than Mr. Urbanek's *access* to the state courts. And the adequacy of the state-court judicial process for challenging Urbanek's ongoing detention implicates the legality of that detention.

But to the extent that Ground Two is cognizable in habeas corpus, like Ground One, it is subject to the bar against second or successive petitions under section 2244(b)(3). The alleged deficiencies in the state judicial process for reviewing the dangerousness and continued detention of civil detainees would have been, or reasonably could have been, known to Mr. Urbanek at the time he filed his first habeas petition. So Mr. Urbanek must seek authorization from the Eighth Circuit before pursuing this claim in a later habeas petition such as this one.[2] Moreover, this claim

---

[2] Mr. Urbanek's claim thus differs from one in which a civil detainee challenges a state court's finding that he remains a danger to others. Such a claim cannot be raised until after the

4

is also barred on the ground that Mr Urbanek has failed to exhaust all available state remedies with respect to this claim. *See* 28 U.S.C. § 2254(b). If Mr. Urbanek believes the state courts are adjudicating petitions for review of civil-commitment judgments too slowly, then he may seek a writ of mandamus from a higher court directing the inferior court to move more quickly. *See* Minn. Stat. § 586.01. There is no reason to believe the mandamus process is not available to Mr. Urbanek. Accordingly, his failure to exhaust this claim is an additional basis for denying it.[3]

Finally, in Ground Three, Mr. Urbanek contends "Respondents are in violation of the Stigma-Plus component of the Fourteenth Amendment" by labeling him as likely to reoffend, mentally ill, and a threat of public safety. (ECF No. 1 at 3.) Mr. Urbanek fails to state a claim for relief. "The loss of reputation must be coupled with some other tangible element to rise to the level of a protectible property interest, which is sometimes referred to as the 'stigma plus' test." *Gunderson v. Hvass*, 339 F.3d 639, 644 (8th Cir. 2003). But the remedy for such a claim is the "invo[cation] of the procedural protections of the due process clause." *Id.* (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976)). Mr. Urbanek unquestionably was entitled to due process before he was subject to civil detention, however, because his detention alone implicates his protected liberty interests. Thus, irrespective of any reputational harm Mr. Ubanek may have experienced, and whether "stigma plus" attached to his civil commitment proceedings, he was entitled to the protections of procedural due process at those proceedings.

---

state courts have made the finding being challenged, and thus often will not be barred as second-or-successive under section 2244(b)(3), even when the petitioner has previously sought habeas relief. *See Doranti v. Harpstead*, No. 20-CV-0549-PJS-DTS, 2020 WL 3618576, at *2 (D. Minn. July 2, 2020).

[3] Mr. Urbanek contends there is no state remedy for challenging the State's evaluation of whether he presents a danger to others due to the alleged delays. (*See* ECF No. 1 at 7.) But Mr. Urbanek does not allege in Ground Two that he is constitutionally entitled to a lower quantum of detention. Instead, Mr. Urbanek contends that his "access to the courts" has been denied. This is the claim that can be vindicated through mandamus in the state courts.

To the extent that Mr. Urbanek is attempting to allege his commitment proceedings did not comport with due process he could have raised that claim earlier, and it is now barred as a second or successive petition under section 2244(b)(3). Recharacterizing a more typical due process claim as a "stigma plus" claim changes nothing in that regard. The Court recommends Mr. Urbanek's Petition be dismissed on these grounds.

This matter is also before the Court on Mr. Urbanek's motion for appointment of counsel. (*See* ECF No. 5.) Since the Court recommends dismissing Mr. Urbanek's Petition in its entirety on the ground that his claims are procedurally barred, it further recommends dismissing his Motion to Appoint as moot.

Finally, the Court notes that an appeal cannot be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the court grants the petitioner a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). To obtain a COA the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court does not believe in this case that "jurists of reason would find it debatable" that Mr. Urbanek's claims are subject to dismissal. *Id.* The Court accordingly recommends against granting Mr. Urbanek a COA.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Edward E. Urbanek (ECF No. [1]) be **DISMISSED WITHOUT PREJUDICE**;

2. Mr. Urbanek's motion for appointment of counsel (ECF No. [5]) be **DENIED**; and

3. No certificate of appealability be issued.

Dated: May 1, 2023

s/ Dulce J. Foster
Dulce J. Foster
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).